UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: _____

JAMES F. SMITH,

    Plaintiff,

vs.

PISTORINO & ALAM CONSULTING
ENGINEERS, INC., a Florida
corporation,

    Defendant.
_____/

## Complaint — Jury Demanded

Plaintiff, James F. Smith, sues defendant, Pistorino & Alam Consulting Engineers, Inc., and shows:

### Introduction

1.    This is an age discrimination and retaliation action brought by plaintiff, James Smith, a 79 year-old former Vice President of the Electrical Engineering Department for Pistorino & Alam Consulting Engineers, Inc. ("PACE"), who was fired after filing a charge of discrimination due to "lack of electrical work" and after PACE, **One**, hired part time and then promoted to full time a 45-year old engineer to work as his assistant, **Two**, reduced his hours to part time and cut his benefits; and, **Three**, asked to work as a subcontractor to complete outstanding projects hours after informing him he was being fired

because there was no work for him to perform. Plaintiff sues pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. ("ADEA"), and the Florida Civil Rights Act of 1992, Chapter 760, FLA. STAT. ("FCRA"). He seeks back wages, compensatory damages, punitive damages, equitable relief (either reinstatement or front pay), and his attorneys' fees and litigation expenses.

### Jurisdiction and Venue

2. This action arises under the ADEA. Jurisdiction is founded on 29 U.S.C. § 621(c) and 28 U.S.C. § 1331. The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear Plaintiff's state law claims.

3. Venue is proper in the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose there.

### Parties

4. James Smith at all material times was the Vice President of the Electrical Engineering Department for Pistorino & Alam Consulting Engineers, Inc. Smith is protected by ADEA and FCRA because:

    a. He is over 40 years old; and

      b.    He engaged in protected activity by filing a charge of discrimination, a copy of which his attorney provided to PACE on his behalf, and participated in the administrative agency's investigation of that charge.

      5.    Defendant, Pistorino & Alam Consulting Engineers, Inc., is a Florida corporation doing business in Miami-Dade County. Its an "employer" as envisioned by the ADEA in 29 U.S.C. § 630(b), and by the FCRA in § 760.02(7), FLA. STAT.

## Applicable Statutory Provisions

      6.    The Age Discrimination in Employment Act provides, in pertinent part, at 29 U.S.C. § 623(a) that:

It shall be unlawful for an employer —

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...

      7.    Section 760.10(1), FLA. STAT. provides in pertinent part:

It is an unlawful employment practice for an employer:

(a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's ... age...

      8.    The Age Discrimination in Employment Act provides in pertinent part at 29 U.S.C. § 623(d) that:

It shall be unlawful for an employer to discriminate against any of his

employees or applicants for employment . . . because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

9. The FCRA provides in pertinent part at § 760.10(7), FLA. STAT., as follows:

It is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section,
or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this section.

## **Satisfaction of Conditions Precedent**

10. Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about August 11, 2011. The Charge states, in pertinent part:

**THE PARTICULARS ARE:** I am a professional electrical engineer, and at 77 years old, the oldest employee at Pistarino [sic] & Alam Consulting Engineers, Inc. ("PACE"). I have worked for PACE for 14 years (since it merged with a firm in which I was a partner). For the past several years I have been Vice President of the Electrical Engineering Department. In 2007, I was made an Associate Partner.

I. **Personal harm.** In November 2010, Vincent Sancho, PE, age 45, was hired part time (20 hrs/wk) as my assistant. At this time, PACE principal, John Pistarino [sic], told Sancho I was a "great engineer" and bragged about my accomplishments to Sancho, but also asked me when I planned to retire. My response was in 2 years. Pistarino [sic] told Sancho that when I retired, he would be able to take over my position as Chief

> Engineer. In Jan. 2011, Sancho became a full time employee. On Feb. 2, Pistorino and the other PACE principal, Nasir Alam, told me I had to work a 20 hour work week commencing Feb. 21 and that I would not receive accumulated sick and vacation time. Although at times my workload required me to work more than 20 hours after that, my hours and income have been substantially decreased. In July, my weekly hours averaged less than 19 and no new work was given to me. I only had 8 hours for the week ending Aug. 5. I had no work this week. Sancho, who no longer reports to me, works full time and receives all the company's electrical work. Another younger employee, Jose Del Christo, who also had his hours reduced, did not lose his accumulated sick and vacation pay. I believe I am being forced out, which will cause me to lose not only income and benefits, but also thousands of dollars in deferred compensation to which I will be entitled in Jan. 2012. I am depressed and no longer enjoy life because of how PACE has treated me, [sic]
>
> II. **Respondent's reason for personal harm.** When my hours were decreased, I was told by Alam that PACE did not want to lose Sancho, so they did not decrease his hours. I also was told by Alam that the company took my sick and vacation time because it would be illegal for me to have both these benefits and company paid insurance, although the company only pays for a medicare supplement for me.
>
> III. **Discrimination statement.** I have suffered discrimination on account of my age in violation of the Age Discrimination in Employment Act and the Florida Civil Rights Act of 1992.

11.   Smith filed a Supplemental Charge of Discrimination with the Equal Employment Opportunity Commission("EEOC") and the Florida Commission on Human Relations ("FCHR") on or about May 18, 2012. The Charge states, in pertinent part:

> THE PARTICULARS ARE: I am a 79 year-old professional engineer and the oldest employee at Pistorino & Alam Consulting Engineers, Inc. ("PACE"). On August 11, 2011, I filed a charge of age discrimination with the EEOC.
>
> **I. Personal harm**. John Pistorino and Nasir Alam, PACE's principals, fired me on January 30, 2012.

**II. Respondent's reason for personal harm.** I was told my termination was due to "lack of electrical work." I was not asked if I had any projects, but I had six unfinished projects as of the date I was fired. After my termination, I was asked to perform work as a subcontractor.

**III. Discrimination statement.** I have suffered discrimination and retaliation on account of my age and protected activity in violation of the Age Discrimination in Employment Act and of the Florida Civil Rights Act of 1992.

12. The EEOC on or about June 25, 2013 issued Smith a Dismissal and Notice of Rights, within 90 days of his receipt of which he is filing this action.

13. More than 180 days have elapsed from the time Smith filed his charges of discrimination without the FCHR conciliating the matter or making a finding adverse to Smith, which entitles him to maintain this civil action.

14. All conditions precedent to this action have been satisfied and/or waived.

## General Allegations

15. As a result of a merger between PACE and a firm for which Smith was a partner, Smith began to work for PACE in 1997 as an electrical engineer.

16. In 2007, Smith was made an Associate Partner, a position for which he was qualified.

17. As Associate Partner, Smith worked as Vice President of PACE's Electrical Engineering Department.

18. In November 2010, PACE hired 45 year-old Vincent Sancho as a part-time assistant to Smith.

19. Smith opposed Sancho's hiring because Smith did not believe that an assistant was needed.

20. Around the time Sancho was hired, John Pistorino, PACE's President bragged about Smith's accomplishments to Sancho.

21. Pistorino also asked Smith when he planned to retire.

22. On November 29, 2010, Smith emailed Pistorino, Nasir Alam ("CEO"), and George Canelas, Architect/Project Manager, informing them that his "projected work load at the present time does not appear to require 40 hours of... chargeable time for this week and beyond..."

23. Smith also asked for "guidance as to any projects that I can provide billable assistance."

24. Less than two months later, PACE made Sancho a full-time employee January 2011.

25. The next month, Pistorino and Alam informed Smith that his hours would be reduced to a 20-hour work week commencing February 21 and that Smith would no longer continue to accrue sick and vacation time.

26. Around that period, Sancho was given 40 hours of chargeable work each week.

27. During this period, while Smith's workload required that he at times work over 20 hours in a week, his income had decreased substantially.

28. On one such occasion, Alam complained to Smith, Pistorino, Jim Rowe, Vice President of Finance and Administration, that Smith had exceeded his 20-hour work week for the weeks ending in March 19 and March 26.

29. After Smith explained he worked the hours necessary to complete his projects in a timely manner, Pistorino then instructed Smith to work the hours necessary to complete his projects.

30. On June 8, 2011, Smith emailed Pistorino and Alam informing them that he was "currently running out of work" and that he was available for additional work to complete his 20-hours of employment.

31. On July 8, 2011, Smith again emailed Pistorino and Alam requesting additional work to complete his 20-hours of employment.

32. For the week of August 1, 2011, Smith had only 8-hours of work, and for the week of August 8, 2011 Smith had no work.

33. During that time, Sancho continued to be given 40-hours of chargeable work.

34. On August 11, 2011, Smith filed his initial charge of discrimination alleging age discrimination.

35. Smith counsel sent a copy of the charge of discrimination via Federal Express to PACE's principals August 11, 2011.

36. Smith, Pistorino, Alam, and Rowe had a meeting August 31, during which Alam acknowledged the "lawsuit" filed by Smith, and Alam instructed that

communication should be done over the phone and not through emails in a legal manner. Pistorino and Alam also committed to making an effort to give additional work to Smith to increase his work time.

37. The next day, Rowe sent to Smith, Pistorino and Alam a memorandum regarding the meeting.

38. After the meeting, Smith was given non-electrical engineering work that involved performing structural inspections and tasks such as climbing on and off the swing stages at The Gables Club Tower Suite approximately 300 feet above ground, in 90 degree heat, for about three hours.

39. Based on Smith's communication with Sancho, Sancho had never been asked to perform that type of work.

40. PACE terminated Smith January 30, 2012 allegedly for lack of electrical work.

41. Within hours after Smith's termination and after Smith had emailed Alam and provided a list of the unfinished projects, Alam requested that Smith complete the electrical engineering work on the projects as a sub-consultant of PACE.

42. Smith, however, was never re-hired nor asked to perform the work as an employee.

43. Upon information and belief, in 2013 PACE rehired Sancho, who had been separated from employment in 2012.

44. The conduct of defendant, and its agents, discriminated against plaintiff with respect to the compensation, terms, conditions, or privilege of employment.

### Count I - Age Discrimination Under the ADEA

45. Plaintiff re-alleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶1-3, 4(a), 5, 6, 10-12, and 14-44 above.

46. Defendant's treatment of Plaintiff was based on his age and thus, constituted age discrimination as proscribed by the ADEA.

47. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

48. The District's actions, more particularly alleged above, constituted violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and were done willfully with knowing and or reckless disregard of the ADEA's proscriptions.

49. The age discrimination that Plaintiff is suffering, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

50. Plaintiff is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to 29 U.S.C. § 626(b).

WHEREFORE, Smith prays this court will:

**One**, issue a declaratory judgment that Defendant's practices towards Smith violate Smith's rights against age discrimination under the ADEA;

**Two**, enjoin Defendant, their management employees and/or agents to cease discriminating against Smith because of his age, to make him whole through reinstatement, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Smith and against Defendant for damages, including liquidated damages;

**Four**, grant Smith his costs and a reasonable award of attorneys' fees pursuant to the 29 U.S.C. § 216(b); and

**Five**, grant Smith such other and further relief as the circumstances and law require and/or provide.

### Count II - Age Discrimination Under the FCRA

51.  Plaintiff re-alleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶1-3, 4(a), 5, 7, 10, 11, and 13-44 above.

52.  Defendant's behavior towards Smith was based on his age and thus, constituted age discrimination as proscribed by § 760.10(1), FLA. STAT.

53.  As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has past and future pecuniary losses, emotional

pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

54. The discrimination that Plaintiff is suffering, in violation of his statutory right to be free of such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

55. The discrimination against Plaintiff, of which Defendant's higher management was aware and which it ratified, was in such reckless disregard of Plaintiff's statutory rights against discrimination as to entitle Plaintiff to an award of punitive damages against Defendant to punish it and to dissuade such conduct in the future.

56. Plaintiff is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

WHEREFORE, Smith prays this court will:

**One**, issue a declaratory judgment that Defendant's practices towards Smith violate Smith's rights against age discrimination under the FCRA;

**Two**, enjoin Defendant, their management employees and/or agents to cease discriminating against Smith because of his age, to make him whole through reinstatement, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Smith and against Defendant for damages, including liquidated damages;

***Four***, grant Smith his costs and a reasonable award of attorneys' fees pursuant to § 760.11(5), FLA. STAT.; and

***Five***, grant Smith such other and further relief as the circumstances and law require and/or provide.

### Count III - Retaliation Under the ADEA

57. Plaintiff re-alleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶1-3, 4(b), 5, 8, 10-12, and 14-44 above.

58. The treatment to which Defendant, through its agents and employees, subjected Plaintiff was based on his protected activity by filing a charge of discrimination, a copy of which his attorney provided to Defendant on his behalf, and participating in the administrative agency's investigation of that charge.

59. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has lost wages and benefits in the past and will suffer additional losses of wages and benefits in the future.

60. Defendant's actions, more particularly alleged above, constituted violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and were done willfully with knowing or reckless disregard of the ADEA's proscriptions.

61. Plaintiff is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to 29 U.S.C. § 626(b).

62.     Plaintiff has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

WHEREFORE, Smith prays this court will:

**One**, issue a declaratory judgment that Defendant's practices towards Smith violate Smith's rights against retaliation under the ADEA;

**Two**, enjoin Defendant, their management employees and/or agents to cease discriminating against Smith because of his age, to make him whole through reinstatement, or, if that is not practical, through an award of front pay;

**Three**, enter a judgment for Smith and against Defendant for damages, including liquidated damages;

**Four**, grant Smith his costs and a reasonable award of attorney's fees pursuant to the 29 U.S.C. § 216(b); and

**Five**, grant Smith such other and further relief as the circumstances and law require and/or provide.

### Count IV - Retaliation Under the FCRA

63.     Plaintiff re-alleges and adopts, as if fully set forth in this Count, all of the allegations in ¶¶1-3, 4(b), 5, 9, 10, 11, and 13-44 above.

64.     The treatment to which Defendant, through its agents and employees, subjected Plaintiff was based on his protected activity by filing a charge of discrimination, a copy of which his attorney provided to Defendant

on his behalf, and participating in the administrative agency's investigation of that charge.

65. As a direct, natural, proximate and foreseeable result of Defendant's actions, Plaintiff has lost wages and benefits in the past and will suffer additional losses of wages and benefits in the future.

66. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. Plaintiff is entitled to be awarded reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), FLA. STAT.

68. Plaintiff has suffered irreparable harm for which there is no plain, adequate or complete remedy at law.

WHEREFORE, Smith prays this court will:

**One**, issue a declaratory judgment that Defendant's practices towards Smith violate Smith's rights against retaliation under the FCRA;

**Two**, enjoin Defendant, their management employees and/or agents to cease discriminating against Smith because of his age, to make him whole through reinstatement, or, if that is not practical, through an award of front pay;

***Three***, enter a judgment for Smith and against Defendant for damages, including compensatory damages;

***Four***, grant Smith his costs and a reasonable award of attorneys' fees pursuant to the § 760.11(5), FLA. STAT.; and

***Five***, grant Smith such other and further relief as the circumstances and law require and/or provide.

### Demand for Jury Trial

Plaintiff, James Smith, demands trial by jury on all issues so triable.

Respectfully Submitted,

*[signature]*

KAREN COOLMAN AMLONG
Florida Bar Number 275565
KAmlong@TheAmlongFirm.com
ALISON CHURLY-DAVIS
Florida Bar Number 97850
AChurly@TheAmlongFirm.com

AMLONG & AMLONG, P.A.
500 Northeast Fourth Street,
Second Floor
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

***Attorneys for Plaintiff,
James Smith***